[Brundage *v.* Phillips.]

# Brundage *versus* Phillips.

1. A mill propelled only by water at the time of filing a lien against it, but afterwards propelled by steam, and being two stories high, with a low stone basement, and a window in the gable end, was described as a two-story frame steam grist mill, with an accurate description as to location.   Held : That as no one could be misled as to the property covered by the lien, the description was good.

ERROR to Common Pleas of *Tioga County.*

Opinion by

READ, J.—The claim filed contained an accurate description of the building, its locality in the village of Mainsburg, in the township of Sullivan, in the county of Tioga, on the south side of the road leading from Mainsburg to Mansfield, being about thirty-four feet front on said road, and in depth about forty-six feet, with the lot and curtilage appurtenant thereto. It is described as a two-story frame steam grist mill, and the only complaint is, that although it is now a steam mill, it was only worked with water at the time of the lien filed ; and that there being a low stone basement, and a window in the gable end towards the street, it should have been called a two-and-a-half-storied grist mill.   The evidence clearly shows, and so does the ambrotype exhibited to us, that it was a two-story frame with a stone foundation.   But this is entirely immaterial, as it appeared affirmatively that there was no other mill in that neighborhood, and that its position and locality were so accurately set forth that no one could be misled as to the property covered by the lien.   There was, therefore, no error in the charge of the court to the jury ; nor was any error committed in admitting the deposition of Mr. Beck, and this disposes of all the specifications of error, except the third.

The error assigned is in admitting the evidence of a book of original entries under the following offer : " On the trial of this cause plaintiffs offered to read from the book of original entries of said firm, the items charged to which reference was made by Robert Stewart in his examination as having been entered by a member of the firm in his presence, from memoranda of the weight, &c., furnished by him from the slate on which he (the witness) made the entries, and compared by him (witness) and said member of the firm at the time the entries were made, as stated by the witness to the admission of the book for the purposes, to wit, to show in connection with the evidence of the witness the quality and weight of the articles delivered.   Defendant's counsel objects.   Court admits the offer.   Defendant's counsel excepts, and at their request the bill is sealed."

[Pierson *v.* Commonwealth.]

Upon turning to the evidence in the appendix, we find the evidence of Robert Stewart, which does not support the offer, as it appears in several instances that he was not present when the entries were drawn from the slate; nor did he identify the particular entries made in his presence.    Then the contract between plaintiff and defendant was read, and Mr. Stewart was recalled to prove the delivery of the articles to the defendant.

Then follows the offer: " Plaintiff offered the book of original entries proved as aforesaid, for the purpose of showing the weight of the iron delivered.    The contract fixing the prices, and the witness testifying to the delivery, although made after the entries were made, court overruled the offer, and rejected the book."

It is therefore necessary to discuss the question whether the court were right in admitting the first offer, because upon the preliminary evidence being given by the witness, it did not come up to the offer, and the court rejected the book of original entries, which was all that could be complained of in what had been submitted to the learned judge, and ruled by him to be competent testimony.

Upon examining the original record, neither the testimony of Mr. Stewart, nor any note of the admission of the books appeared upon it, and this is fatal in itself.

Judgment affirmed.